IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:23-CR-24 |
| | ) | |
| vs. | ) | |
| | ) | |
| DAQUA LAMEEK RITTER | ) | |
| a/k/a "Quavo" | ) | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF ON POLYGRAPH EVIDENCE**

At trial, the Defendant made a proffer of evidence it intended to elicit from law enforcement witnesses regarding the fact that two cooperating witnesses were offered – and refused to take – polygraph examinations. After hearing the parties' arguments, the Court requested supplemental briefing. The Government accordingly submits the following supplemental memorandum on evidentiary issues involving the use and reference of polygraph evidence.

1.    **The pro se prohibition bars the Defendant's proffered polygraph evidence.**

There are only two possible reasons the defense wants to introduce evidence that two government witnesses denied the opportunity to take a polygraph examination. The first is to bolster the Defendant's credibility, by creating a positive inference that he would have taken the test if it were offered. The second is to undermine the witnesses' credibility, by creating a negative inference from the fact that they denied the polygraph. Both run afoul of the binding circuit precedent that holds polygraph evidence is per se inadmissible when used to "bolster or undermine credibility." *United States v. Prince-Oyibo*, 320 F.3d 494, 497 (4th Cir. 2003) (affirming that the per se rule remains the law of the circuit post-*Daubert*).

In today's arguments, the defense attempted to distinguish the pro se prohibition by arguing that the proffered testimony did not relate to polygraph *results*. This is a distinction without a difference. The long-standing per se rule against polygraph evidence excludes not just polygraph results, but also facts indicating that "an accused has taken or refused to take a polygraph examination." *United States v. Scheffer*, 523 U.S. 303, 318 (1998) (Kennedy, concurring) (emphasis added); *see also United States v. Walter*, 350 F. App'x 826, 829 (4th Cir. 2009) (unpublished) ("If the results of a polygraph examination cannot be used to impeach a witness, it follows that the absence of a polygraph cannot be used for impeachment either. It was not an abuse of discretion for the district court to disallow evidence that no cooperating witness took a polygraph test."); *United States v. Sanchez*, 118 F.3d 192, 197 (4th Cir. 1997) (affirming district court's refusal to admit "evidence that no cooperating government witness took or was required to take a polygraph.").

In deciding this issue, it is worth considering the Defendant's position if the shoe were on the other foot. If, for instance, the Government had offered the Defendant the opportunity to take a polygraph test, the Defendant had refused, and the Government now intended to offer that refusal into evidence, the Defendant would likely argue that the evidence was inadmissible under the per se rule. And he would be right.

**2**.     **This evidence is inadmissible under FRE 403.**

Even if the Defendant were correct that the per se ban does not extend to the refusal to take a polygraph test, this evidence fails under a straightforward Rule 403 balancing test. The probative value of this evidence is substantially outweighed by the likelihood that it will cause unfair prejudice, confuse the issues, and mislead the jury. While polygraph evidence is often excluded under the per se rule, courts have also upheld its exclusion pursuant to Rule 403. *See, e.g., United*

*States v. Toth*, 91 F.3d 136 (4th Cir. 1996) (unpublished opinion); *United States v. Ramirez-Robles*, 386 F.3d 1234 (9th Cir. 2004); *United States v. Thomas*, 167 F.3d 299 (6th Cir. 1999); and *United States v. Sherlin*, 67 F.3d 1208 (6th Cir. 1995).

On the question of probative value, it is not clear that the proffered testimony – specifically, the fact that two government witnesses were told they could "clear themselves" by taking a polygraph, then turned down the offer – has any admissible probative value at all. It does not directly make any material element of any offense at issue more or less likely to be true; rather, it is intended solely to impeach by implication.

On the other hand, by introducing a line of questioning at trial that gets into the prospect of polygraph examination – and by extension, when they are used, how they work, what the government does with the results – is highly likely to raise questions for jurors that will only distract them from the material issues in the case. The likelihood for confusion – much less for prejudice against the witnesses (who by the defense's admission, did nothing wrong in refusing the polygraph) – is high.

3. **<u>This is a backdoor attempt at an unestablished third-party guilt defense.</u>**

Because the Government has already briefed at length its arguments regarding the defense's introduction of a theory of third-party guilt, we will not reiterate those positions here. However, it is worth noting that this evidence appears to be designed primarily to cast suspicion on two government witnesses with ties to the Defendant. As stated in its prior briefing – and as the Court has acknowledged – the Defendant must first proffer a foundation sufficient enough to support a third-party defense. Hinting that others are guilty simply because they have refused to take a polygraph test is not enough.

                                                  ADAIR F. BOROUGHS  
                                                  United States Attorney  
                                                  District of South Carolina  

By:    */s/Brook Andrews*  
        BROOK B. ANDREWS (#10231)  
        First Assistant United States Attorney  
        BENJAMIN N. GARNER (#11477)  
        ELLE E. KLEIN (#12941)  
        Assistant United States Attorneys  
        1441 Main Street, Suite 500  
        Columbia, S.C. 29201  
        (803) 929-3000  

        KRISTEN M. CLARKE  
        Assistant Attorney General  
        Civil Rights Division  

        ANDREW C. MANNS  
        Trial Attorney  
        U.S. Dept. of Justice  
        Civil Rights Division, Criminal Section  
        950 Pennsylvania Ave., NW, 4CON  
        Washington, DC 20530  
February 20, 2024        (202) 598-1581