IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:23-cr-00024-SAL |
| | ) | |
| v. | ) | |
| | ) | |
| XAVIER PINCKNEY | ) | |

### **GOVERNMENT'S SENTENCING MEMORANDUM**

The government, by and through its below counsel, respectfully submits this memorandum in anticipation of defendant Xavier Pinckney's sentencing hearing. For the reasons given below, the government contends that Pinckney should not be afforded a three-level adjustment for acceptance of responsibility.

### **Background**

A federal grand jury charged Pinckney with one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3) (Count 4), and one count of Making a False Statement or Representation to a Law Enforcement Officer, in violation of 18 U.S.C. § 1001(a)(2) (Count 5). The charges were predicated upon false and misleading information Pinckney provided to agents investigating the murder of Dime Doe. On October 26, 2023, Pinckney pled guilty to Count 4 pursuant to a written plea agreement. Following Pinckney's change-of-plea hearing, the United States Probation Office petitioned the Court for an arrest warrant for Pinckney's failure to abide by his conditions of pretrial release. (ECF Dkt. No. 184.) The warrant was based on Pinckney's use of illegal drugs and his "failure to follow any and all instructions of his officer." (ECF Dkt. No. 184.) The probation officer explained in the petition that Pinckney tested positive for THC in February, March, August, and October 2023. (ECF Dkt. No. 184.) The petition further explained that since December 2023, Pinckney had failed to check-in with his

supervising probation officer as required. (ECF Dkt. No. 184.) Pinckney was arrested for the bond violations on April 30, 2024.

Pinckney's presentence investigation report calculates his advisory guidelines range as follows: He has a base offense level of 14, which is increased to 30 based on the USSG § 2J1.2(a) cross reference. (Pinckney PSR ¶¶ 53, 55.) The report adjusted Pinckney's offense level downward by three levels to account for Pinckney's acceptance of responsibility, resulting in a total offense level of 27. (Pinckney PSR ¶¶ 61-63.) Based on a criminal history category of I, the report recommends an advisory guidelines range of 70-87 months' incarceration. (Pinckney PSR ¶ 76.)

**Discussion**

Section 3E1.1 of the United States Sentencing Guidelines provides for up to a three-point reduction of a defendant's offense level for acceptance of responsibility. To earn a § 3E1.1 reduction, the defendant must prove by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007); USSG § 3E1.1 Application Note 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). Indeed, district courts consider several factors in the USSG § 3E1.1 analysis, including a defendant's post-arrest and post-plea criminal conduct. *United States v. Knight*, 606 F.3d 171, 176-77 (4th Cir. 2010); *Dugger*, 485 F.3d at 240; *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993); *see* USSG § 3E1.1 cmt. n.1 (listing factors to be considered by district court in acceptance of responsibility analysis). Among other factors, the commendatory to § 3E1.1 directs district

courts to consider both "voluntary termination or withdrawal from criminal conduct or associations" and "post-offense rehabilitative efforts (*e.g.* counseling or drug treatment)" when weighing whether a defendant has earned an adjustment for acceptance of responsibility. USSG § 3E1.1 Application Note 1(B), (G). Here, Pinckney's repeated drug use (including the day before his guilty plea hearing) coupled with his failure to participate in drug treatment as required by his conditions of bond are inconsistent with acceptance of responsibility, (Pinckney PSR ¶ 9), and he should not be afforded a three-level adjustment under § 3E1.1.

This case is similar to *United States v. Smith*, 747 F. App'x 136 (4th Cir. 2018). There, the district court determined the defendant "was not entitled to a reduction for acceptance of responsibility based, primarily, on her continued use of illegal drugs while on pretrial supervision." *Id.* at 138. Although the defendant contended the district court's failure to award the three-level reduction constituted procedural error, the Fourth Circuit disagreed. In doing so, the Court explained, "[a]lthough Smith points to various factors that weighed in favor of awarding the reduction—including her prompt admission of guilt, her expressions of remorse at sentencing, and her refusal to cast blame on others—the district court acted well within its province in concluding that Smith's recurring use of illegal drugs while on pretrial release outweighed these positive considerations." *Id.*

Following his arrest, Pinckney continued to violate both the law and his bond conditions by repeatedly using marijuana. Despite Judge Gossett modifying Pinckney's bond to require drug treatment and the probation office attempting to accommodate Pinckney's lack of transportation by approving substance abuse services in Pinckney's hometown, (Pinckney PSR ¶ 9), Pinckney failed to participate in treatment. Pinckney's repeated flouting of both the law and his conditions of release since his arrest plainly is incompatible with accepting

responsibility, and he should not be afforded a three-level adjustment under USSG § 3E1.1.[*]

                    Respectfully submitted,

                    ADAIR F. BOROUGHS
                    UNITED STATES ATTORNEY

By:    s/Benjamin N. Garner
         Benjamin N. Garner (Fed. ID # 11477)
         Assistant United States Attorney
         1441 Main Street, Suite 500
         Columbia, SC 29201
         (803) 929-3063

Columbia, South Carolina
May 1, 2024

---

[*] Without the § 3E1.1 adjustment, Pinckney's advisory guidelines range would be 97-121 months' incarceration based on a total offense level of 30 and criminal history category I.